## GOTTLIEB et v WICK RAYEN MOTOR SALES & STORAGE CO

Ohio Appeals, 7th Dist, Mahoning Co
Decided October 18, 1929

George Edwards, Youngstown, for Gottlieb, et.

Henderson & Kennedy, Youngstown, for Motor Co.

**FARR, J.**

It is insisted here that the trial court gave in charge to the jury the wrong measure of damages as to the right of recovery upon the part of the Wick-Rayen Motor Sales Company. Complaint is made of the court's instructions at page 145 of the Record, as follows:

"I say to you that this defense of rental as made in this case, is not the criterion at all for your determination or which will guide you in your determination of assessment of damages in this case, and, as I have already stated during the progress of this case, neither is the loss of profits, if any, that the plaintiffs may have suffered because of its being kept out of use and occupation of these premises a criterion of damages. I will explain to you later why this is so."

The same principle is announced at page 147 of the Record in the trial court's instructions to the jury, and at pages 148 and 149, and it is complained by the plaintiff in error that the measure of damages was erroneously stated, and that these instructions practically allowed the jury to assess speculative damages. However, it would seem that if there is one particular thing which is deducible from the trial court's instructions to the jury, it is that speculative damages were not to be allowed. In this regard the jury was instructed that:

"As I have already stated during the progress of this case, neither is the loss of profits, if any, that the plaintiffs may have suffered because of its being kept out of use and occupation of these premises, a criterion of damages."

It is contended that the rental of the property as provided by the lease between the Erie and Mahoning Land Company and its joint lessor and Gottlieb, was the real measure of damages in the instant case. Obviously such is not the rule, for the reason that the lease had terminated, concededly so; for that reason the rentals theretofore paid would not be the measure of damages. They may have been exhorbitant or they may have been less than the real value; therefore, the con-

clusion is that the trial court's instructions to the jury was correct in this particular.

Plaintiff in error cites the case of **Cohoon v. Kincoon, 46 OS., 590.** In the first proposition of the syllabus the following principal is announced:

"Where a party occupies premises as a tenant upon an uncertain tenure, and suit is brought to recover for use and occupation for the time occupied, the rule applicable to the case is, what was the fair rental value of the premises as occupied under all the circumstances of the case? And it is competent for the defendant to prove the rental value for the time so occupied."

This case is in point and sustains the contention of the defendant in error here. Further discussion of the issues raised in this case will not be necessary or profitable. For the reasons given the demurrers to the petition, the amended petition and the evidence were properly overruled by the trial court and the correct rule of damages was given in charge to the jury, and there being no reversible error disclosed by the Record, the judgment is affirmed.

Pollock and Roberts, JJ., concur.